J-S33016-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
DANIEL PRINCE, :
:
Appellant : No. 312 EDA 2025

Appeal from the PCRA Order Entered January 14, 2025
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0001300-2014

BEFORE: BOWES, J., NICHOLS, J., and BECK, J.

MEMORANDUM BY NICHOLS, J.: **FILED JULY 1, 2026**

Appellant Daniel Prince appeals from the order denying his first Post-Conviction Relief Act[1] (PCRA) petition. On appeal, Appellant argues that the PCRA court erred by failing to hold an evidentiary hearing. After review, we remand for the appointment of new counsel and the filing of a new Pa.R.A.P. 1925(b) statement *nunc pro tunc*.

A prior panel of this Court summarized the facts of the case as follows:

On December 4, 2013, at approximately 6:45 p.m., brothers Dominick and Derrick Dixon were walking on Amber Street in Philadelphia. Upon their arrival at the intersection of Amber and Auburn Streets, Appellant verbally confronted Derrick. Dominick physically intervened to create more distance between Appellant and Derrick by simultaneously placing his hands on each individual's chest. Appellant drew a small, black handgun and fired one shot into Dominick's right leg, then fled down Auburn Street and ran into a house near the end of the block. Meanwhile, Dominick walked to and knocked on the home of a resident of

_____

[1] 42 Pa.C.S. §§ 9541-9546.

Amber Street to get something to wrap his injured leg, while exclaiming his disbelief that Appellant shot him. Dominick's other brother, Noble Spalding, happened to walk by the scene and called 911. Spalding did not wait for the police or emergency medical services to arrive because he had an outstanding warrant. Dominick sat on the stoop and he and Derrick waited for the police and emergency medical services.

At approximately 7:00 p.m., Officer Michael Szelagowski and his partner arrived at the scene, finding an injured Dominick with a cloth wrapped around his bleeding leg. Initially, Dominick was uncooperative because he had a bundle of heroin in his pocket and a warrant out for his arrest for absconding from probation. Eventually, Dominick disclosed that he was shot by an individual named Daniel, whom he knew as "Dip." Medics arrived to transport Dominick to the hospital, and prior to his entering the ambulance, Officer Szelagowski asked Dominick if he had any weapons or drugs on his person. Dominick handed Officer Szelagowski the bundle of heroin.

At the crime scene, bystander Preston Garrett approached Officer Szelagowski and told him that he had seen the immediate aftermath of the shooting. Because Officer Szelagowski was busy securing the crime scene, Officer Edward Slater attempted to interview Garrett. Garrett was reluctant to discuss the shooting in public, but stated that he saw "Danny Prince," whom he also knew as "Dip," fleeing the scene of the shooting. Officer Slater knew "Dip" to be Appellant from patrolling the neighborhood. Officer Slater provided Garrett his phone number, and Garrett called him about an hour later to schedule an interview for the following day.

After Dominick was released from the hospital that night, he was transported to the East Detectives' office and arrested for absconding from probation and possessing heroin. Detectives Martin Sheeron and Dennis Dusak interviewed Dominick. During that interview, Dominick stated that "Daniel," otherwise known as "Dip," whom he had known for two years, shot him with a .25-caliber handgun that Dip had showed him during an earlier conversation that day. Dominick did not know Dip's last name. According to Dominick, Dip was wearing a black jacket and an Auburn University hat at the time of the shooting, and he fled into his uncle's house on Auburn Street. Detective Sheeron, who had already learned from other officers who spoke with Garrett that the suspected shooter's last name was "Prince," retrieved a single

photograph of Appellant and showed it to Dominick. Dominick identified Appellant as the shooter and signed the photograph.

Derrick also gave a statement at the East Detectives' office that night. Although he did not know the shooter's name, he described him as wearing a black, puffy vest.

The following day, Garrett gave a statement at the East Detectives' office. He said that he was halfway down the 2100 block of Auburn Street when he heard a single, small-caliber gunshot from the intersection of Amber and Auburn Streets. Appellant, whom he had known for several years, ran past Garrett down Auburn Street toward the Trenton Avenue intersection and into a house on the corner. Garrett described Appellant as having a tattoo under his right eye, and identified him from a photo array.

Detective Sheeron conducted a database search and discovered that the address listed on Appellant's Pennsylvania identification card matched the house into which Dominick and Garrett witnessed him flee. Detective Sheeron executed a search warrant at that house on December 7, 2013, and recovered an Auburn University hat and a black, puffy vest from the basement.

On January 6, 2014, Appellant was arrested while walking down the street. He had tattoos of a teardrop under his right eye and "DIP" on his right forearm.

*Commonwealth v. Prince*, 2899 EDA 2018, 2021 WL 530947, at \*1-2 (Pa. Super. filed Feb 12, 2021) (unpublished mem.).

Appellant was convicted of aggravated assault, carrying a firearm without a license, carrying a firearm on public streets in Philadelphia, possession of an instrument of crime (PIC), and recklessly endangering another person (REAP)[2] after a jury trial in July of 2016. *See id.* at \*2-3. Appellant filed a direct appeal, and this Court affirmed his judgment of

_____

[2] 18 Pa.C.S. §§ 2702(a), 6106, 6108, 907(a), and 2705, respectively.

sentence.[3]  ***See id.*** at \*10.  Our Supreme Court denied Appellant's petition for allowance of appeal on August 3, 2021.  ***See Commonwealth v. Prince***, 93 EAL 2021, 260 A.3d 75 (Pa. 2021).

On November 29, 2021, Appellant filed a *pro se* PCRA petition.  The PCRA court appointed William J. Ciancaglini, Esq., who filed an amended petition on Appellant's behalf.  Thereafter, Appellant filed a *pro se* request for a ***Grazier***[4] hearing, in which he claimed that Attorney Ciancaglini was ineffective.  The PCRA court held a video hearing on March 28, 2023, at which point Appellant withdrew his request for a ***Grazier*** hearing.  However, several days after the hearing on March 31, 2023, Appellant sent the PCRA court a *pro se* letter claiming that he did not understand what occurred at the video hearing due to audio/video issues.

On August 28, 2023, the Commonwealth responded to Appellant's amended petition.  The trial court issued a Pa.R.Crim.P. 907 notice of intent to dismiss on October 4, 2023.  Appellant filed a *pro se* response to the PCRA court's Rule 907 notice on October 17, 2023, in which he again claimed that Attorney Ciancaglini was ineffective.  Pursuant to ***Commonwealth v. Betts***,

---

[3] We note that Appellant's direct appeal rights were reinstated *nunc pro tunc*, after Appellant filed a PCRA petition seeking reinstatement of his direct appeal rights, due to direct appeal counsel's failure to file a docketing statement. ***See Prince***, 2021 WL 530947, at \*3 n.2.  Accordingly, we treat Appellant's current PCRA petition as a first petition. ***See Commonwealth v. Callahan***, 101 A.3d 118, 122 (Pa. Super. 2014); ***Commonwealth v. Figueroa***, 29 A.3d 1177, 1181 (Pa. Super. 2011).

[4] ***See Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998).

240 A.3d 616 (Pa. Super. 2020), the PCRA court appointed Scott P. Sigman, Esq. as **Betts** counsel for Appellant.

Attorney Sigman filed a second amended PCRA petition on April 30, 2024 (Second Amended PCRA Petition). The PCRA court issued another Rule 907 notice on November 6, 2024, and dismissed Appellant's PCRA petition on January 14, 2025. Appellant filed a timely notice of appeal.

In his Rule 1925(b) statement, Appellant identified three claims of PCRA court error:

1. The [PCRA] court erred in denying [Appellant's PCRA petition] without affording him an evidentiary hearing since, under the totality of circumstances, there are genuine issues concerning material facts and legitimate purposes would be served by such hearing.

2. The [PCRA] court erred in denying [Appellant's PCRA petition] without affording him an evidentiary hearing since [Appellant's] petition makes out a *prima facie* case warranting such hearing where[,] under the totality of circumstances, trial counsel provided ineffective assistance that lacked any reasonable basis which prejudiced the [Appellant].

3. The [PCRA] court erred in denying [Appellant's PCRA petition] without affording him an evidentiary hearing since [Appellant's] conviction and sentence resulted from the ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place?

Appellant's Rule 1925(b) Statement at 1-2.

In his brief, Appellant raises the same three issues that he raised in his Rule 1925(b) statement nearly verbatim. **See** Appellant's Brief at 6. Appellant's brief contains three argument subsections: one for each of these

- 5 -

issues. *See id.* at 23-32. In the first subsection, Appellant argues that the PCRA court erred by "denying him an evidentiary hearing on his claim of ineffective assistance of counsel." *Id.* at 23. Appellant then recites case law regarding ineffective assistance of counsel claims. *See id.* at 23-25. Thereafter, Appellant lists "actions and inactions" of various attorneys that represented him during the course of the case. *See id.* at 25-30.

> Appellant's second argument subsection is set forth in full as follows:

> Appellant asserts that his claims entitle him to an evidentiary hearing on his Second Amended PCRA. Pennsylvania Rule of Criminal Procedure 909 gives the PCRA court discretion to dismiss a PCRA petition without an evidentiary hearing "[i]f the judge is satisfied . . . that there are no genuine issues concerning any material fact . . . and no legitimate purposes would be served by any further proceedings." Pa.R.Crim.P. 909(B)(2). Appellant correctly asserts that his claims "show that he has made out material issues of fact which, when proved at a hearing, would entitle him to relief." As such, he is entitled to an evidentiary hearing.

*See id.* at 31.

Finally, Appellant's third argument subsection states that "Appellant hereby incorporates by reference those arguments more particularly set forth in subparagraphs A and B above as though the same were set forth at length herein." *Id.* at 31-32.

The Commonwealth responds that Appellant's claims are waived because "he failed to identify them with specificity in his Rule 1925(b) statement." Commonwealth's Brief at 10. Specifically, the Commonwealth claims that Appellant failed to identify how counsel was ineffective in his Rule

- 6 -

1925(b) statement. *See id.* at 10-11. Further, the Commonwealth argues that Appellant's brief is fatally undeveloped, as he fails to argue that any of his prior attorneys' actions constituted ineffective assistance of counsel and that his brief requires this Court "to try to guess what his actual claims are." *Id.* at 11.

Ultimately, the Commonwealth addressed the merits of each claim of ineffective assistance of counsel that Attorney Sigman raised in Appellant's Second Amended PCRA Petition. *Compare* Second Amended PCRA Petition at 12-18 (unpaginated) *with* Commonwealth's Brief at 12-19. Likewise, while framed differently, the PCRA court addressed the merits of each claim of ineffective assistance that Appellant raised in his Second Amended PCRA Petition. *Compare* Second Amended PCRA Petition at 12-18 (unpaginated) *with* Trial Ct. Op., 4/14/25, at 11-17.

As our Supreme Court has previously stated:

> [A] litigant appealing from the denial of PCRA relief is required to strictly comply with the provisions of Rule 1925(b), or his or her appellate issues are deemed to be waived. Rule 1925(b)(4)(ii) directs that "[t]he Statement shall concisely identify each error that the appellant intends to assert with sufficient detail to identify the issue to be raised for the judge." Pa.R.A.P. 1925(b)(4)(ii) (emphasis added). As the comment to Rule 1925(b) further elaborates:
>
>> The more carefully the appellant frames the Statement, the more likely it will be that the judge will be able to articulate the rationale underlying the decision and provide a basis for counsel to determine the advisability of raising that issue on appeal. Thus, counsel should begin the winnowing process when preparing the Statement and *should articulate specific errors with which the appellant takes issue and why*.

Pa.R.A.P. 1925(b), comment (emphasis added).

***Commonwealth v. Parrish***, 224 A.3d 682, 700 (Pa. 2020) (some formatting altered).

A Rule 1925(b) statement is vague when it fails to identify specific legal errors committed by the PCRA court or which of the PCRA court's rulings are being challenged on appeal. ***See id.*** When a Rule 1925(b) statement

> generically and capaciously encompasse[s] every conceivable claim of ineffective assistance of trial counsel contained in [a PCRA petition, which forces] the PCRA court to guess which of its rulings were being challenged . . . waiver of all appellate issues is mandated by Pa.R.A.P. 1925(b)(4)(vii). . . .
>
> [Further,] the mere fact that a court has authored an opinion addressing potential appellate issues does not excuse an appellant from complying with Pa.R.A.P. 1925(b) . . . [T]he burden is on appellate counsel to comply with Rule 1925(b), and it is not the trial court's responsibility to assume that burden and identify potential appellate issues and frame them for a litigant in an opinion without receiving any guidance from appellate counsel. Pa.R.A.P. 1925(b)(4)(ii) establishes the minimum guidance appellate counsel must provide to the trial court about the specific issues he or she will be pursuing on appeal, and, consequently, plays a vital role in facilitating the appellate process.

***Id***.

This Court does not base its appellate review "on a trial court's discretionary decision to speculatively determine which appellate issues are raised in a vague Rule 1925(b) statement" as doing so "is untenable, and, indeed, potentially offensive to equal protection principles" because that "approach would result in a situation where some litigants obtain appellate review if . . . the trial court elects to address certain appellate issues, whereas

other litigants would be denied that opportunity if the trial court declines to do so." ***Id.*** at 701. Ultimately, where appellate counsel files a Rule 1925(b) statement that fails to identify with sufficient detail the issues to be raised on appeal, those issues are waived. ***See id.***

Importantly, our Supreme Court has held that, where an appellant has the right to the effective assistance of PCRA counsel, "counsel's filing of a woefully deficient statement, one which precludes merits review of all appellate issues, constitutes ineffective assistance of counsel *per se*, warranting reinstatement of [an a]ppellant's right to file a Rule 1925(b) statement *nunc pro tunc*." ***Id.*** at 684, 701-02.

Here, we conclude that Appellant's Rule 1925(b) statement is vague, as it fails to "concisely identify each error that the appellant intends to assert with sufficient detail to identify the issue to be raised." ***See id.*** at 700. Appellant raised multiple claims of ineffective assistance of counsel in his Second Amended PCRA Petition. ***See*** Second Amended PCRA Petition, 4/30/24, at 12-18 (unpaginated). While Appellant asserts that he was entitled to a hearing because "trial counsel provided ineffective assistance that lacked any reasonable basis which prejudiced [Appellant]," he fails to identify which claim of ineffective assistance allegedly required a hearing. ***See*** Rule 1925(b) Statement at 1 (unpaginated).

Further, Appellant states that "there are genuine issues concerning material facts and legitimate purposes would be served by [an evidentiary hearing,]" but fails to identify any genuine issue of material fact that remain

- 9 -

outstanding. *See id.* The remainder of Appellant's Rule 1925(b) statement consists of boilerplate language that does not assist the PCRA court, nor this Court, with identifying which claims of ineffective assistance of counsel allegedly required a hearing or what genuine issues of material fact remained. *See id.* Accordingly, we conclude that Appellant's Rule 1925(b) statement consists of bald assertions and boilerplate allegations that do not adequately identify his ineffectiveness claims nor any genuine issues of material fact meriting an evidentiary hearing.[5] *See Parrish*, 224 A.3d at 700-01. Accordingly, we find Appellant's claims waived.[6] *See id.* at 701; *see also*

_____

[5] We are cognizant that the PCRA court addressed the merits of each of the issues raised in Appellant's Second Amended PCRA Petition. *Compare* Second Amended PCRA Petition at 12-18 (unpaginated) *with* Trial Ct. Op., 4/14/25, at 11-17. However, the PCRA court's Rule 1925(a) opinion addressing the merits of the issues raised in the petitioner's PCRA petition is not a substitute for appellate counsel's advocacy. *See, e.g.*, *Parrish*, 224 A.3d at 700-01; *see also Commonwealth v. Heggins*, 809 A.2d 908, 911 (Pa. Super. 2002) (stating that "[e]ven if the trial court correctly guesses the issues [a]ppellant raises on appeal and writes an opinion pursuant to that supposition, the issue is still waived" (some formatting altered)); *Commonwealth v. Williams*, 204 A.3d 489, 495 (Pa. Super. 2019) (finding waiver based on a vague Rule 1925(b) statement, even though the PCRA court addressed both issues raised in the petitioner's PCRA petition).

[6] Even if Appellant's claims were not waived for the filing a vague Rule 1925(b) statement, we would find them waived for failure to fully develop arguments in his appellate brief. *See Commonwealth v. Taylor*, 277 A.3d 577, 590-91 (Pa. Super. 2022). As stated above, Appellant's brief contains three argument subsections. In the first subsection, Appellant's brief fails to identify what actions or inactions allegedly constituted ineffective assistance, fails to argue any of the three prongs of ineffective assistance of counsel, and fails to identify a genuine issue of material fact that would require the PCRA court to hold an evidentiary hearing. *See* Appellant's Brief at 25-30. The second
*(Footnote Continued Next Page)*

*Commonwealth v. West*, 3823 EDA 2017, 2019 WL 2027222, at *7 (Pa. Super. filed May 8, 2019) (unpublished mem.) (finding waiver of claims regarding a PCRA court's failure to grant an evidentiary hearing where the Rule 1925(b) statement was vague because it simply stated that the PCRA court failed to grant a hearing on "the additional issues listed and explained in full in the amended PCRA" petition).[7]

Having concluded that counsel waived all of Appellant's issues on appeal by failing to file an adequate Rule 1925(b) statement, we must turn to the proper remedy. As stated above, Appellant is entitled to the effective assistance of counsel on his first PCRA petition including on appeal. *See Figueroa*, 29 A.3d at 1181; *Parrish*, 224 A.3d at 701-02. Because PCRA counsel has waived all of Appellant's issues on appeal, we must conclude that Attorney Sigman is *per se* ineffective and remand the case for the PCRA court to appoint new counsel. *See Parrish*, 224 A.3d at 701-02. The PCRA court shall appoint new counsel within fourteen days of this Court's remand. New counsel shall then file a Rule 1925(b) statement *nunc pro tunc* within twenty-one days of their appointment. *See id.* In response, the PCRA court shall file

_____

subsection is one paragraph of boilerplate law followed by conclusory language. *See id.* at 31. Finally, the third section is a single sentence incorporating by reference some of the "arguments" made in the first section. *See id.* Accordingly, Appellant's brief is "wholly inadequate to present specific issues for review" and "fails to develop the issue in [a] meaningful fashion capable of review." *See Taylor*, 277 A.3d at 590-91.

[7] *See* Pa.R.A.P. 126(b) (stating this Court may rely on unpublished decisions of this Court filed after May 1, 2019, for their persuasive value).

a new Rule 1925(a) opinion addressing the claims raised by new counsel and forward the supplemental record within thirty days of receipt of Appellant's *nunc pro tunc* Rule 1925(b) statement. **See id.** Further, upon return of the record to this Court, we direct our Prothonotary to establish a new briefing schedule.

Case remanded with instructions. Jurisdiction retained. [8]

---

[8] Because we concluded that PCRA counsel waived all of Appellant's issues on appeal, we do not take a position on the merits of Appellant's PCRA claims.